CONWELL, Appellant, v. MILWAUKEE AUTOMOBILE MUTUAL INSURANCE COMPANY and another, Respondents.

*February 6—March 5, 1963.*

For the appellant there was a brief and oral argument by *Maurice Schmerling* of Kenosha, and *N. Paley Phillips* of Milwaukee.

For the respondents there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

DIETERICH, J. One of the issues raised on this appeal is whether cross-examination of plaintiff by counsel for defendants was prejudicial in spite of the trial court's efforts to erase any prejudicial effects of that cross-examination from the minds of the jurors.

The portion of the cross-examination of plaintiff by counsel for defendants which is relevant to this issue is as follows:

"*Q.* On the 9th day of May, 1960, were you involved in a fight with another man? *A.* Yes, I was.

"*Q.* And you were arrested as a result of that fight?"

Counsel for plaintiff: "Just a minute. I object to that, Your Honor,—"

Court: ". . . The objection is sustained as to whether or not he was arrested."

"*Q.* You were involved, were you not, in beating a man with a billy club?"

Counsel for plaintiff: "I object, Your Honor . . ."

Court: "As I have ruled, whether or not there was an arrest involved and whether there was or was not an attack, that is immaterial. The question is whether or not he was injured and that part you can have an answer to. The objection is sustained to the form of the question." (Question withdrawn.)

"*Q.* Were you on the 9th day of May, 1960, in a fight with a man by the name of Allen Schabel? *A.* Yes, I was.

"*Q.* Were you on October 5th, 1955, involved in an automobile accident? *A.* I don't remember. I have had quite a few accidents. I don't remember.

"*Q.* And on the 12th day of July, 1956, were you involved in an accident at Fifty Sixth street and Seventh avenue,— right down here? *A.* Where would Seventh avenue be?

"*Q.* A couple of blocks down the street here. *A.* No, I don't remember that.

"*Q.* Now, on the 14th day of December, 1956, were you involved in an accident involving reckless driving?"

Counsel for plaintiff: "Objection, Your Honor."

Court: "Objection sustained to the form of the question."

Counsel for plaintiff: "I think, Your Honor, in view of all those questions I think the jury should be withdrawn and I ask for a mistrial."

Court: "I will ask the jury to retire to the jury room and I will meet with counsel in chambers."

Thereafter the trial court made the following statement to the jury:

"Ladies and gentlemen of the jury, you and I are interested in the accident situation and in the condition of health before and after the automobile accident because those issues have been raised, and I have sustained three or four objections by . . . [counsel for plaintiff] to the form of questions propounded by . . . [counsel for defendants], and I say to you I have sustained those because it involved mat-

ters not at all relevant to the issues you and I must meet. I say to you now what you and I are interested in are the aspects of liability arising out of this particular accident and the problem of the condition of the health of the plaintiff who seeks damages in this case. I think I now have an understanding with counsel on both sides that there will be no further questions of the nature and type I sustained objections to. I wish the record to show that the court does now deny the motion by the plaintiff in this case made just before the recess."

There can be no doubt that the type of cross-examination of plaintiff conducted by counsel for defendants adversely influenced the minds of the jurors toward the plaintiff. Though the trial court attempted to erase the effects of prejudice from the minds of the jurors we deem that such effort was predestined to failure where one question asked of plaintiff was: "You were involved, were you not, in beating a man with a billy club?" Plaintiff's motion for a mistrial should have been granted. *Schober v. Milwaukee* (1963), 18 Wis. (2d) 591, 119 N. W. (2d) 316.

Because we are granting a new trial on the ground of prejudicial error committed on the part of counsel for the defendants, it is not necessary to consider other issues raised on this appeal.

*By the Court.*—Judgment reversed; cause remanded for a new trial.